**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM H. BRIDGES, | DOCKET NUMBER |
| Appellant, | AT-0831-19-0209-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: January 26, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William H. Bridges</u>, Memphis, Tennessee, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) regarding the calculation of his post-1956 military service deposit with interest under the Civil Service Retirement System (CSRS). For the reasons discussed below, we GRANT the appellant's petition for review, we AFFIRM the portion of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision pertaining to the calculation of his post-1956 military service deposit with interest, we VACATE the administrative judge's findings regarding his excess deductions claim, and we REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

As set forth in the initial decision, the appellant performed military service from 1961 to 1976. Initial Appeal File (IAF), Tab 17, Initial Decision (ID) at 2. The appellant was appointed to a position in the Federal civil service that was covered under the CSRS on July 26, 1980, and he retired on January 31, 2013. *Id.* In December 2012, the appellant elected to make a deposit for his post-1956 military service. IAF, Tab 5 at 119.

In 2016, OPM determined that the appellant had been underpaid $27,334.00 because his CSRS retirement annuity did not account for his post-1956 military service. ID at 2; IAF, Tab 5 at 9, 26. OPM adjusted his annuity to include credit for his military service and determined that the amount due for his post-1956 military service deposit with interest was $19,707.61, which was withheld from the underpayment. ID at 2; IAF, Tab 5 at 9, 26. The appellant requested reconsideration of OPM's interest calculation, ID at 2; IAF, Tab 5 at 31-36, and OPM issued a final decision affirming its calculation, ID at 2; IAF, Tab 5 at 9-11.

The appellant appealed OPM's final decision to the Board, and he requested a hearing. IAF, Tab 1 at 1-7. After holding a telephonic hearing, the administrative judge issued an initial decision affirming OPM's final decision. ID at 1, 6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response, PFR File, Tab 4, to which the appellant has replied, PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We affirm the administrative judge's findings regarding the calculation of the appellant's post-1956 military service deposit with interest.</u>

On petition for review, the appellant reasserts his argument that OPM should have applied a fixed 3% interest rate instead of a variable interest rate to his post-1956 military service deposit. PFR File, Tab 1 at 6, 9; IAF, Tab 1 at 5, Tab 9 at 11-12. He contends that his May 2019 submission before the administrative judge contains "everything [she] needed to make a correct decision" in this case, PFR File, Tab 1 at 4, and he requests the Board to review that pleading before rendering a decision, *id.* at 7-8. He further asserts that the administrative judge misconstrued his claim because he requested the Board to establish the correct interest rate based on his time of service and hire date—not to affirm or deny OPM's reconsideration decision. *Id.* at 3. With his petition for review, the appellant has provided an annotated copy of the initial decision and has resubmitted documentation that already is a part of the record before the administrative judge. *Id.* at 11-12, 15-18, 23-25, 29-34; IAF, Tab 1 at 9, Tab 5 at 92, 102, Tab 9 at 18, 24-27, 41.

We discern no reason to disturb the initial decision based on the appellant's reassertion of arguments and resubmission of evidence that were properly considered by the administrative judge. Specifically, the administrative judge found that the appellant's argument regarding a fixed 3% interest rate was unpersuasive because it was based on his misinterpretation of various Government publications and guidance that do not specifically apply to post-1956 military service deposits. ID at 3-4. For the reasons provided in the initial decision, we agree with the administrative judge's finding that OPM correctly used the applicable interest rates on the appellant's post-1956 military service deposit. ID at 3, 6; *see* 5 U.S.C. § 8334(e)(3), (j)(2). Moreover, we discern no error in the administrative judge's decision to affirm OPM's final decision in which OPM expressly considered the appellant's dispute regarding the amount of

interest due on his military service deposit. IAF, Tab 5 at 9-11; *see Brown v. Office of Personnel Management*, 51 M.S.P.R. 261, 263 (1991) (explaining that the Board generally has jurisdiction over appeals of final OPM decisions under 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110).

Further, we find that the appellant's reassertion of his argument that OPM's use of a variable interest rate constitutes discrimination prohibited by the Veterans' Preference Act of 1944 (VPA) and the Civil Rights Act of 1964 is unavailing because the terms under which interest must be paid on a post-1956 military service deposit are mandated by the CSRS retirement statute and do not provide for waiver or alteration of the method of calculation. PFR File, Tab 1 at 6, 10; IAF, Tab 9 at 10, 49; *see* 5 U.S.C. § 8334(e), (j); *see also, e.g., Simpkins v. Department of Labor*, 107 M.S.P.R. 651, ¶ 19 (2008) (construing analogous provisions under the Federal Employees' Retirement System in observing that the relevant statute and regulations do not allow for waiver of interest). For the same reason, we find that the appellant's resubmission of documentation concerning the construction of the VPA is immaterial to the outcome of this appeal. PFR File, Tab 1 at 27; IAF, Tab 5 at 75. To the extent the appellant is arguing that the relevant CSRS statutory provisions are unconstitutional by submitting a copy of the Supremacy Clause of the U.S. Constitution, PFR File, Tab 1 at 26, we decline to consider this argument because the Board has held consistently that it lacks the authority to adjudicate the constitutionality of statutes, *e.g., Malone v. Department of Justice*, 14 M.S.P.R. 403, 406 (1983).

Accordingly, we affirm the initial decision as to the calculation of the appellant's post-1956 military service deposit with interest.

<u>We remand the appeal to the regional office for adjudication of the appellant's excess deductions claim.</u>

For the following reasons, we remand this appeal to the regional office for further adjudication of the appellant's claim that OPM should have allowed him

to pay his post-1956 military service deposit with his excess deductions. PFR File, Tab 1 at 5. Under the CSRS, retirement deductions that are taken beyond approximately 42 years of service are considered "excess deductions" and are subject to refund under 5 U.S.C. § 8342(h). *Maurer v. Office of Personnel Management*, 236 F.3d 1352, 1353 (Fed. Cir. 2001). Section 8342(h) provides that excess deductions "shall be applied toward any deposit due under [5 U.S.C. § 8334]" and that any remaining balance "is deemed a voluntary contribution." *See Maurer*, 236 F.3d at 1354 (construing 5 U.S.C. § 8342(h) as providing for a repayment of excess deductions only after the sum is used to cover any deposit due under 5 U.S.C. § 8334).

Here, the administrative judge found that, because the appellant retired with 32 years, 11 months of service, the Government's guidance regarding excess contributions was inapplicable to him. ID at 5 n.1; IAF, Tab 9 at 16.[2] The appellant challenges this finding on review, asserting that he retired with 46 years, 11 months of total creditable service including his 14 years of military service. PFR File, Tab 1 at 6. For the first time on review, the appellant has submitted documentation concerning his military service and evidence that he received notice from OPM that he was due a lump-sum payment for excess deductions. *Id.* at 13, 19-22; *see* 5 C.F.R. § 1201.115(e) (providing that the Board reserves the authority to consider any issue in an appeal before it).

As an initial matter, we find that the Board has jurisdiction to consider the appellant's excess deductions claim because the record reflects that he raised the issue before OPM with his request for reconsideration, but OPM did not consider it in its final decision. IAF, Tab 5 at 9-11, 31, 34-36, 40-41; *see O'Neill v. Office of Personnel Management*, 102 M.S.P.R. 298, ¶ 10 (2006) (finding jurisdiction over a matter that OPM failed to address in its final decision despite the appellant's repeated requests). In addition, the appellant has continued to raise an excess deductions claim throughout this Board proceeding, but OPM has not

---

[2] The appellant has resubmitted such guidance on review. PFR File, Tab 1 at 14.

addressed it.  PFR File, Tab 1 at 5-6, 13-14, 18, 33, Tab 4; IAF, Tab 9 at 16, 21, 29-30, Tab 12; *see DeGrant v. Office of Personnel Management*, 107 M.S.P.R. 414, ¶ 13 (2007) (interpreting OPM's silence on an issue during the pendency of the appeal as an indication that it had no intention of issuing a decision on the matter).  Further, we agree with the appellant and find that he performed 46 years, 11 months of combined military and civilian service for purposes of 5 U.S.C. § 8342(h).  IAF, Tab 5 at 102, 104, 113, 126-29.  However, we cannot determine based on the current record whether the appellant has been prejudiced by OPM's failure to apply his excess deductions toward the amount owed for his post-1956 military service deposit with interest in accordance with 5 U.S.C. § 8342(h) or, in other words, whether the issue is moot.  *See Haskins v. Department of the Navy*, 106 M.S.P.R. 616, ¶ 22 (2007) (holding that an appeal may not be dismissed as moot until the agency provides acceptable evidence showing that it has actually afforded the appellant all of the relief that he could have received if the matter had been adjudicated and he had prevailed).  Therefore, we vacate the administrative judge's findings as to the appellant's excess deductions claim and remand the appeal to the regional office for further adjudication on that claim.  *See, e.g., O'Neill*, 102 M.S.P.R. 298, ¶¶ 10-11 (remanding the appeal to the regional office for further adjudication of a matter over which OPM failed to address in its final decision).

In light of our decision to remand this appeal, we decline to address the appellant's request to "suspend" the initial decision and to refer his case to the Inspector General for review and a possible investigation.  PFR File, Tab 1 at 7-8, Tab 5 at 4.  The petition for review process is the appropriate method for challenging the initial decision.  To the extent the appellant argues that the administrative judge is biased based on her findings, we find that this is an insufficient basis to rebut the presumption of honesty and integrity that accompanies an administrative judge.  PFR File, Tab 1 at 3, 7; *see Fitzpatrick v. Department of Justice*, 91 M.S.P.R. 556, ¶ 16 (stating that the Board has held that

an appellant's disagreement with an administrative judge's rulings and findings neither establishes bias nor provides a basis for assigning a new administrative judge on remand). Moreover, the appellant has failed to explain how any alleged delay in issuing the initial decision has prejudiced his substantive rights. PFR File, Tab 1 at 3, 7; *see Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 6 (2002) (observing that the Board has held that an administrative judge's delay in issuing a ruling, without more, does not constitute reversible error).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In the new initial decision on the excess deductions claim, the administrative judge should incorporate by reference her prior analysis and findings regarding the calculation of the appellant's post-1956 military service deposit with interest so that he will have a single decision with appropriate notice of appeal rights addressing those issues. *See, e.g., Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

FOR THE BOARD:                  _____

                                *Jennifer Everling*

                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.